# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**KINSALE INSURANCE COMPANY**                                **PLAINTIFF**

**V.**                                                **CAUSE NO. 3:16-CV-685-CWR-FKB**

**PSP MEDICAL CLINIC, LLC; DR.**                              **DEFENDANTS**
**PARVESH K. GOEL; JAMIE MANNEY;**
**and JOHN DOES 1-5**

## ORDER

Before the Court is a motion to dismiss filed by Dr. Parvesh Goel and PSP Medical Clinic. The matter is fully briefed and ready for review.

**I.  Factual and Procedural History**

In June 2016, Jamie Manney filed a civil action in the Circuit Court of Madison County, Mississippi, against Dr. Parvesh Goel, PSP Medical Clinic, Medical Assurance Company of Mississippi, and Kinsale Insurance Company. Manney claimed that the first two defendants, Dr. Goel and PSP, were liable to him for medical malpractice. He sought a declaratory judgment against the last two defendants, Medical Assurance and Kinsale, alleging that they had a duty to cover his claims against Dr. Goel and PSP under an insurance policy.

In September 2016, Kinsale filed this petition to compel arbitration. It agreed that it had an insurance policy with the medical providers but argued that coverage questions had to be resolved via arbitration. It accordingly sought an Order from this Court forcing the relevant parties to arbitration.[1] Kinsale simultaneously asked the state court to stay the declaratory judgment portion of that litigation.

---

[1] The docket sheet of this civil action shows that Kinsale requested and received a summons for Manney, but then did not serve him.

**II.     Arguments**

Goel and PSP's motion to dismiss contends that (1) Kinsale's petition is premature because no one has demanded arbitration, (2) the first-to-file rule and principles of abstention warrant deference to the state court action, and (3) the Anti-Injunction Act prohibits a federal court from enjoining the state court action. Goel and PSP also assert that insurance coverage issues cannot be adjudicated until the medical malpractice case has concluded.

**III.    Discussion**

Kinsale's July 2016 reservation of rights letter stated, in relevant part, "[i]f there is a dispute and we are unable to resolve it, we can then discuss arbitration." Docket No. 7, at 2 (citation omitted). It is difficult to see how that conditional language constitutes a demand for arbitration, but neither side has addressed whether Kinsale's alleged failure to "demand" arbitration acts as a procedural bar. *See, e.g.*, *Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1267 (5th Cir. 1994). The Court will take up the remaining contentions without prejudice to further motion practice on this discrete point.

Next, there is "no indication from case law that the 'first-to-file' rule plays a part in the circumstance that we face today—two actions pending, but one is in *state* court and the other in *federal* court. . . . [T]he 'first-to-file' rule applies only when two similar actions are pending in two *federal* courts." *Am. Bankers Life Assurance Co. of Fl. v. Overton*, 128 F. App'x 399, 403 (5th Cir. 2005) (citations omitted). Because the issue in our case is whether a federal court should defer to a state court, we must examine doctrines of abstention.

Goel and PSP urge the Court to apply *Wilton/Brillhart* abstention, but the Fifth Circuit has flatly rejected that doctrine in petitions to compel arbitration. *Providian Fin. Corp. v. Coleman*, 69 F. App'x 658 (5th Cir. 2003). The correct doctrine is *Colorado River* abstention. *Id.*

*Colorado River* abstention is not appropriate here because this petition does not present "the same parties and the same issues" as the state-court suit and because there are no extraordinary circumstances warranting abstention. *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (quotation marks and citation omitted).

As for the Anti-Injunction Act, the Fifth Circuit has rejected the movants' argument:

> We have held that a district court has the discretion to issue an order staying a related state court proceeding it has determined must be submitted to arbitration if the district court concludes that it is necessary to protect or effectuate its order compelling arbitration. Accordingly, the district court's order compelling Appellants to arbitrate their claims against [Appellees] and enjoining Appellants from continuing to litigate such claims in state court is not barred by the Anti-Injunction Act because it falls within the exception for injunctions necessary to protect or effectuate the district court's prior judgment.

*Id.* at 893.

In their reply brief, Dr. Goel and PSP press that there is no arbitrable dispute because Kinsale is presently defending them in the state court action under a reservation of rights. Their argument overlooks the fact that Kinsale *does not want to be defending them*.

Kinsale believes that there is no coverage under its policy. The safest way for it to test that belief—while protecting its insureds from Manney and shielding itself from a bad faith suit—is to do exactly what it is doing: defend the medical malpractice action under a reservation of rights and seek a ruling, via arbitration or otherwise, that there is no coverage and thus no need to pay further costs of defense.

In other words, the arbitrable dispute here is whether Kinsale is required to continue to pay for Dr. Goel and PSP's defense. That kind of coverage question can often be adjudicated

3

before any trial on the merits of the underlying tort suit, without unduly delaying that underlying suit.[2]

## IV. Conclusion

The motion to dismiss is denied. The parties to this case must now litigate whether their insurance coverage disagreement belongs in arbitration. They should contact the chambers of the Magistrate Judge within 10 days to obtain a scheduling order on that narrow issue.

This Order does not constitute an injunction of the state court coverage litigation, *see Regions Bank v. Windham*, No. 2:15-CV-163-KS-MTP, 2016 WL 390071, at *4 (S.D. Miss. Feb. 1, 2016) ("such an injunction does not issue automatically"), and certainly should not stop any part of the underlying medical malpractice case from proceeding. The state court can weigh the equities in considering the motion to stay currently pending before it.

**SO ORDERED**, this the 18th day of October, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] The coverage dispute often requires less discovery than the tort suit, and is more likely to be adjudicated at the summary judgment stage.